**Notice of November 21, 2025 Preliminary Injunction**

You are advised that on November 21, 2025, the District Court of the Northern District of Illinois entered a preliminary injunction in *City of Chicago v. Noem*, No. 25-cv-12765 (N.D. Ill.). DHS disagrees with this order. In the meantime, DHS will comply with the order. You are receiving this notice pursuant to the Court's directive that notice of the Court's November 21, 2025 Order be provided "to defendants, their officers, agents, employees, and any other persons in active concert or participation with them in the application, awarding, and processing of grants using the DHS Standard Terms and Conditions." A copy of the November 21, 2025 preliminary injunction Order is attached for reference.

In this case, the Plaintiffs City of Chicago, City of Boston, City and County of Denver, City of Minneapolis, City of New Haven, City of New York, City of Saint Paul, Mayor and City Council of Baltimore, and Ramsey County ("Plaintiffs"), challenge two conditions that implement federal anti-discrimination law and all executive orders related to grants for several reasons, claiming that the conditions violate both the Constitution and the Administrative Procedure Act. DHS responded that it has the statutory authority to implement these conditions, and has done so in the past, and that there is nothing unlawful about ensuring that recipients of federal funds comply with federal law.

On November 21, 2025, the Court entered a preliminary injunction. Pursuant to the preliminary injunction, DHS:

- is "preliminarily enjoined from attaching, incorporating, imposing, or enforcing, or requiring plaintiffs to certify compliance with, the Anti-Discrimination Condition, the Presidential Executive Orders Condition, or any materially similar terms or conditions, with respect to any applications submitted by plaintiffs, and any DHS funds awarded to or received by plaintiffs, whether directly or indirectly, including through new grant applications, applications for continuation funding, notices of funding availability or opportunity, certifications, grant agreements, post-award submissions, or reimbursement requests"
- "shall immediately treat any actions taken to implement or enforce the Anti-Discrimination Condition and the Presidential Executive Order Condition, or any materially similar terms or conditions, as to the plaintiffs, as null, void, and rescinded; and while this preliminary injunction is in effect, shall treat as null and void any such conditions included in any grant agreement executed by any of the plaintiffs; and may not retroactively apply such conditions to grant agreements during the effective period of this preliminary injunction."

You are required to comply with this order. If you have any questions about the scope or effect of the November 21, 2025 preliminary injunction, please reach out to the Office of the General Counsel or your component legal office.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, CITY OF BOSTON, CITY OF NEW YORK, MAYOR AND CITY COUNCIL OF BALTIMORE, CITY AND COUNTY OF DENVER, CITY OF MINNEAPOLIS, CITY OF HEW HAVEN, CITY OF SAINT PAUL, and RAMSEY COUNTY,<br><br>    Plaintiffs,<br><br>  v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, DEPARTMENT OF HOMELAND SECURITY, FEDERAL EMERGENCY MANAGEMENT AGENCY, and DAVID RICHARDSON, in his official capacity as Senior Official Performing the Duties of FEMA Administrator,<br><br>    Defendants. | No. 25 CV 12765<br><br>Judge Manish S. Shah |

## ORDER GRANTING PRELIMINARY INJUNCTION

The court, having considered the parties' briefs, exhibits, and arguments, grants in part plaintiffs' motion for a preliminary injunction.

The court finds that plaintiffs have standing and they have established a likelihood of success in demonstrating that two provisions—The Anti-Discrimination Condition, Pt. C § XVII(2)(a)(i)–(ii), and the Presidential Executive Order Condition, Pt. C § XXXI, respectively—of the 2025 DHS Terms and Conditions Version 3 are arbitrary and capricious, in excess of statutory authorization, and contrary to the

Constitution, and that therefore, plaintiffs are likely to succeed on their claim to set aside those conditions under the Administrative Procedure Act.

Plaintiffs have shown that they would suffer irreparable harm from imposition of the Anti-Discrimination Condition and the Presidential Executive Orders Condition.

The balance of equities and public interest favor plaintiffs because the public interest is not harmed by preliminarily enjoining the Anti-Discrimination Condition and the Presidential Executive Orders Condition. Both conditions are likely unlawful, and enjoining the conditions does not interfere with the government's ability to enforce existing anti-discrimination laws and is consistent with the statutory authority to fund grant programs under the 2025 DHS Terms and Conditions.

Therefore, it is hereby ordered that:

1. Defendants, their officers, agents, employees, attorneys, and all those in active concert or participation with defendants are preliminarily enjoined from attaching, incorporating, imposing, or enforcing, or requiring plaintiffs to certify compliance with, the Anti-Discrimination Condition, the Presidential Executive Orders Condition, or any materially similar terms or conditions, with respect to any applications submitted by plaintiffs, and any DHS funds awarded to or received by plaintiffs, whether directly or indirectly, including through new grant applications, applications for continuation funding, notices of funding availability or opportunity, certifications, grant agreements, post-award submissions, or reimbursement requests.

2. Defendants, their officers, agents, employees, attorneys, and all those in active concert or participation with defendants, shall immediately treat any actions taken to implement or enforce the Anti-Discrimination Condition and the Presidential Executive Order Condition, or any materially similar terms or conditions, as to the plaintiffs, as null, void, and rescinded; and while this preliminary injunction is in effect, shall treat as null and void any such conditions included in any grant agreement executed by any of the plaintiffs; and may not retroactively apply such conditions to grant agreements during the effective period of this preliminary injunction.

3. Defendants' counsel shall provide written notice of this Order to defendants, their officers, agents, employees, and any other persons in active concert or participation with them in the application, awarding, and processing of grants using the DHS Standard Terms and Conditions.

4. Defendants' counsel shall file a status report within ten days of the entry of this Order confirming compliance with this Order.

5. Plaintiffs shall post $100 as security in accordance with N.D. Ill. Loc. R. 65.1.

6. This Order shall remain in effect during the pendency of this litigation or until further order of the court.

ENTER:

Date: November 21, 2025

Manish S. Shah
United States District Judge