**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CITY OF CHICAGO, CITY OF BOSTON, CITY OF NEW YORK, MAYOR AND CITY COUNCIL OF BALTIMORE, CITY AND COUNTY OF DENVER, CITY OF MINNEAPOLIS, CITY OF NEW HAVEN, CITY OF SAINT PAUL, RAMSEY COUNTY, COUNTY OF HENNEPIN, METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, COUNTY OF ALAMEDA, ALAMEDA COUNTY FLOOD CONTROL AND WATER CONSERVATION DISTRICT, and ALAMEDA COUNTY FIRE DEPARTMENT, | Case No. 25-cv-12765 |
| Plaintiffs, | Hon. Manish S. Shah |
| v. | |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, DEPARTMENT OF HOMELAND SECURITY, FEDERAL EMERGENCY MANAGEMENT AGENCY, and KAREN S. EVANS, in her official capacity as Senior Official Performing the Duties of Administrator of FEMA, | |
| Defendants. | |

## <u>PLAINTIFFS' SECOND MOTION FOR PRELIMINARY INJUNCTION</u>

Plaintiffs respectfully move for a second preliminary injunction, substantively identical to the Court's November 21, 2025 Preliminary Injunction [74], extending that same preliminary relief to four newly added plaintiffs to protect them from Defendants' unlawful imposition of certain terms and conditions on grant awards.

1

## BACKGROUND

The Original Plaintiffs[1] filed a complaint for declaratory and injunctive relief on October 20, 2025, alleging that Defendants' promulgation of the "Discrimination Condition" and "Executive Order Condition" (together, the "Challenged Conditions") in the FY 2025 DHS Standard Terms and Conditions ("Standard DHS Terms") violated the Constitution and the Administrative Procedure Act ("APA"). *See generally* Compl. [1]. On November 21, 2025, the Court issued a preliminary injunction preventing Defendants from enforcing the Challenged Conditions against the Original Plaintiffs. *See* Prelim. Inj. [74]. The Court found: (1) the Original Plaintiffs had demonstrated a likelihood of success on the merits of their APA claims; (2) the Original Plaintiffs would suffer irreparable harm absent injunctive relief; (3) the balance of equities favored the Original Plaintiffs; and (4) a preliminary injunction served the public interest. *See* Mem. Op. & Order [72] at 10–22. Defendants appealed the Court's preliminary injunction to the Seventh Circuit, and that appeal remains pending. *See* Notice of Appeal [86].

Plaintiffs recently filed an amended complaint adding five new plaintiffs to this case, four of which are seeking preliminary relief.[2] *See* Am. Compl. [93] ¶¶ 24–28. These Additional Plaintiffs are similarly situated to the Original Plaintiffs in all material respects. They are municipal and county government entities that have received or anticipate receiving federal funding awards

---

[1] The "Original Plaintiffs" include City of Chicago, City of Boston, City of New York, Mayor and City Council of Baltimore, City and County of Denver, City of Minneapolis, City of New Haven, City of Saint Paul, and Ramsey County.

[2] The five new plaintiffs are County of Hennepin ("Hennepin County"), Metropolitan Government of Nashville and Davidson County ("Nashville"), County of Alameda ("Alameda County"), Alameda County Fire Department ("AC Fire"), and Alameda County Flood Control and Water Conservation District ("AC Flood Control"). Hennepin County, Nashville, Alameda County, and AC Fire (collectively, the "Additional Plaintiffs") are the four plaintiffs moving for preliminary relief; AC Flood Control is not moving for preliminary relief at this time.

from Defendants under the same programs as the Original Plaintiffs;[3] they are or will be subject to the same Challenged Conditions; they have suffered and will suffer the same injuries traceable to Defendants' conduct; and they assert the same legal claims.

Accordingly, Plaintiffs seek a preliminary injunction to cover the Additional Plaintiffs.

## ARGUMENT

### I.    Legal Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Courts routinely extend existing preliminary injunctions to cover newly added plaintiffs who are affected by the same enjoined conduct and whose claims are materially identical to those already adjudicated. *See, e.g.*, *City and Cnty. of S.F. v. Trump*, 2025 WL 2426858, at *1, *2 n. 4 (N.D. Cal. Aug. 22, 2025) (issuing expanded preliminary injunction identical to the original to cover new plaintiffs named in amended complaint); *Martin Luther King, Jr. Cnty. v. Turner*, 798 F. Supp. 3d 1224, 1225, 1246 (W.D. Wash. Aug. 12, 2025) (extending existing preliminary injunction to new plaintiffs added by amended complaint where challenged conduct and legal

---

[3] These grant programs include the following: Emergency Management Performance Grant Program; Homeland Security Grant Program, including the following four components of that program: State Homeland Security Program, Urban Areas Security Initiative, FIFA World Cup Grant Program, and Counter Unmanned Aircraft Systems Grant Program; Hazard Mitigation Assistance Program, including Hazard Mitigation Grant Program and Flood Mitigation Assistance; Transit Security Grant Program; Staffing for Adequate Fire and Emergency Response; Assistance to Firefighters Grant Program; Fire Prevention and Safety Grant Program; Port Security Grant Program; and Securing the Cities Grant Program. *See* Am. Compl. [93] ¶¶ 42–43. The Amended Complaint includes an additional statutory grant program that was not in the original Complaint—the Disaster Relief Public Assistance Program, *see id.* ¶¶ 42, 113–20—but Plaintiffs are not moving for preliminary relief on that grant program at this time.

claims were identical).

## II.     The Additional Plaintiffs Are Eligible for Preliminary Relief.

The Court should issue a preliminary injunction covering the Additional Plaintiffs for the same reasons it provided preliminary relief to the Original Plaintiffs. *See generally* Mem. Op. & Order [72]. The prior analysis of the Court's jurisdiction applies equally to the Additional Plaintiffs because they bring the same claims and seek the same relief. *Compare* Am. Compl. [93] at 64–75, *with* Compl. [1] at 55–66. Likewise, the Additional Plaintiffs have standing to challenge the conditions and seek preliminary relief—each one has received in the past, received in FY 2025, and/or is likely to receive in the future, awards or subawards from DHS and FEMA that may be subject to the Challenged Conditions, absent relief. Waage Dec. ¶¶ 9–14; Henderson Dec. ¶¶ 7, 9– 11; Young Dec. ¶¶ 5, 8; Sanchez Dec. ¶¶ 10, 14–15, 17, 20; McDonald Dec. ¶¶ 9–10, 12, 14–15. For example, Hennepin County, Nashville, Alameda County, and AC Fire have all applied or plan to apply for FY 2025 Urban Area Security Initiative pass-through funding. Waage Dec. ¶ 14; Henderson Dec. ¶¶ 7, 12; Sanchez Dec. ¶ 15; McDonald Dec. ¶ 10.

The analyses for three of the four *Winter* factors remain the same—the Additional Plaintiffs are likely to succeed on the merits of their claims, the balance of equities tilts in their favor, and the public interest is unchanged. Finally, the Additional Plaintiffs can show irreparable harm from facing the dilemma of being subject to unlawful terms and conditions or having to refuse essential funding.

### A.     The Additional Plaintiffs Are Likely to Succeed on the Merits.

For the same reasons the Court concluded that the Original Plaintiffs were likely to succeed on their APA claims, *see* Mem. Op. & Order [72] at 10–19, as well as the arguments set forth in the Original Plaintiffs' prior preliminary injunction briefing, *see* Pls.' Mem. [41] at 10–13, 19–22;

4

Pls.' Reply [64] at 4–6, 13–15, the Court should find that the Additional Plaintiffs are likely to succeed on the merits of their APA claims.[4]

The Additional Plaintiffs expect to be subject to the Challenged Conditions for the same grant programs addressed in the Court's prior opinion:

- Hennepin County anticipates applying for and/or receiving subawards of FY 2025 Emergency Management Performance Grant Program and Urban Area Security Initiative funds. Waage Dec. ¶¶ 9–14.

- Nashville anticipates applying for and/or receiving subawards of FY 2025 Emergency Management Performance Grant Program, State Homeland Security Program, and Urban Area Security Initiative funds, as well as a possible direct award of FY 2024 Fire Prevention and Safety Grant Program funds. Henderson Dec. ¶¶ 6–12; Young Dec. ¶¶ 5, 8.

- Alameda County anticipates applying for and/or receiving subawards of FY 2025 Emergency Management Performance Grant Program, State Homeland Security Program, and Urban Area Security Initiative funds, as well as a possible direct award of FY 2025 Port Security Grant Program funds. Sanchez Dec. ¶¶ 10, 14–15, 17.

- AC Fire anticipates applying for and/or receiving subawards of FY 2025 State Homeland Security Program and Urban Area Security Initiative funds, as well as a possible direct award of FY 2024 Assistance to Firefighters Grant Program funds. McDonald Dec. ¶¶ 9–10, 14–15.

---

[4] While the Court did not rule on the likelihood of success on the constitutional claims outside the context of the APA, Plaintiffs incorporate those arguments here as an alternative basis for relief. *See* Pls.' Mem. [41] at 15–24.

The Additional Plaintiffs also anticipate applying for these and other grants listed in the Amended Complaint in the future. *See* Am. Compl. [93] ¶¶ 42–43.

All the salient facts and statutory language here are the same as those the Court considered on the first motion for preliminary injunction. For that reason, the Court's analyses that (a) Defendants do not have the statutory authority to impose the Challenged Conditions on grant awards, Mem. Op. & Order [72] at 16; (b) Defendants violated the separation of powers when using the power of the purse to coerce policy shifts, *id.* at 18–19; and (c) Defendants' promulgation and enforcement of the Challenged Conditions was arbitrary and capricious because Defendants failed to give any explanation for their action, *id.* at 15, likewise apply to this motion for preliminary relief. The Additional Plaintiffs are likely to succeed on the merits of their APA claims and thus meet the requirements of the first *Winter* prong.

**B.      The Additional Plaintiffs Will Suffer Immediate and Irreparable Harm.**

Without preliminary relief, the Additional Plaintiffs face irreparable harm. As the Court held in its November 21, 2025 Memorandum Opinion and Order, "[a] constitutional violation is almost always an irreparable harm," and "[t]he constitutional violation [the Original Plaintiffs] have likely established here, injury to the separation of powers, is the sort of intangible and unquantifiable interest that naturally results in irreparable harm when infringed on." [72] at 20 (cleaned up). Because Defendants' imposition of the Challenged Conditions violates the separation of powers, the imposition of those Conditions on Plaintiffs is an irreparable harm.

In addition to the constitutional injury, the Additional Plaintiffs face the choice between accepting unlawful conditions or foregoing the grant awards and losing critical funding. If the Additional Plaintiffs had to forego their DHS and FEMA grant awards, they would suffer irreparable harm. Such funding loss would destabilize future budgets and prevent local

governments from investing in core public safety projects. *See, e.g.*, Waage Dec. ¶ 19. Alameda County would likely have to pause its AC Alert program, the County's primary mass notification system in times of emergency. Sanchez Dec. ¶¶ 16, 20. The loss of federal funds would also force local jurisdictions to divert resources from other essential public services and programs, such as community education programs designed to provide basic disaster preparedness and response skills. *See* McDonald Dec. ¶ 17. Nashville's Fire Department would not be able to run scenario-based training for its emergency responders. Henderson Dec. ¶ 12. Moreover, the uncertainty over whether the Additional Plaintiffs will receive funding has already caused significant harm—Hennepin County's Emergency Management Department lost five key staff members in 2025 due to funding uncertainty. Waage Dec. ¶ 18.

The Additional Plaintiffs rely heavily on federal grant funding to keep their communities safe. As this Court noted, "[t]he point of funding for disaster preparedness, infrastructure security, and firefighting is that the money is an investment that generates intangible dividends in public safety and security. . . . While going without money is not an irreparable harm, going without firefighters is." Mem. Op. & Order [72] at 20–21.

The Additional Plaintiffs need preliminary relief to avoid irreparable harm as the case proceeds towards judgment. The Additional Plaintiffs anticipate facing in the coming weeks the same untenable choice between accepting unconstitutional grant conditions or losing access to critical federal funding, resulting in ongoing uncertainty and constitutional injury. For instance, Nashville must submit grant applications for FY 2025 State Homeland Security Program and Urban Area Security Initiative pass-through funding to the Tennessee Emergency Management Authority by February 28, 2026. Henderson Dec. ¶ 12. Hennepin County expects to receive FY 2025 Emergency Management Performance Grant Program and Urban Area Security Initiative

subawards from the Minnesota Department of Public Safety and subsequently face deadlines to accept those subawards. Waage Dec. ¶¶ 9–14. Likewise, Alameda County and AC Fire have applied for FY 2025 Urban Area Security Initiative and/or State Homeland Security Program subawards from CalOES. Sanchez Dec. ¶¶ 14–15; McDonald Dec. ¶ 10.

The Additional Plaintiffs are suffering and will continue to suffer irreparable harm as a result of Defendants' promulgation and enforcement of the Challenged Conditions, and the Court has already found that preventing those harms warrants preliminary relief. The Additional Plaintiffs thus meet the second *Winter* prong.

**C.      The Balance of Equities and Public Interest Favor Issuing a Preliminary Injunction.**

When an injunction is sought against the government, the balance of equities and the public interest are considered together. *Nken v. Holder*, 556 U.S. 418, 435 (2009). As this Court found in its consideration of the first motion for preliminary injunction, and as argued by Plaintiffs, the balance of equities and the public interest tip decisively in favor of issuing a preliminary injunction. *See* Mem. Op. & Order [72] at 21–22; Pls.' Mem. [41] at 24–25; Pls.' Reply [64] at 14–15. That Defendants' promulgation and enforcement of the Challenged Conditions likely violate the separation of powers means that the balance of harms weighs toward injunctive relief. *See Chi. Women in Trades v. Trump*, 778 F. Supp. 3d 959, 993 (N.D. Ill. 2025). And as with the prior preliminary injunction, the burden on the federal government remains light because it is only enjoined from "enforcing select conditions" and the injunction does not otherwise disrupt executive functions. *See* Mem. Op. & Order [72] at 21. The remaining *Winter* prongs are thus met.

In sum, the Court's prior findings that Defendants' challenged conduct likely violates the law and causes irreparable harm, *see id.* at 10–22, apply with equal force to the Additional Plaintiffs. The Additional Plaintiffs are or will be subject to the same unlawful grant conditions,

suffer the same ongoing injuries, and seek the same relief as the Original Plaintiffs. Because the factual and legal bases for injunctive relief are materially identical, all the factors underlying the Court's prior decision to issue a preliminary injunction—likelihood of success on the merits, irreparable harm, balance of equities, and public interest considerations—are satisfied here as well.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court issue a second preliminary injunction that gives the same relief to the Additional Plaintiffs as was provided to the Original Plaintiffs.

Dated: February 4, 2026

Respectfully submitted,

MARY B. RICHARDSON-LOWRY
Corporation Counsel of the City of Chicago

By: /s/ *Stephen Kane*
Stephen Kane (IL Bar No. 6272490)
Rebecca Hirsch (IL Bar No. 6279592)
Chelsey Metcalf (IL Bar No. 6337233)
Rachel Zemke (IL Bar No. 6324891)
John Kauffman (IL Bar No. 6353229)
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
Tel: (313) 744-9484
stephen.kane@cityofchicago.org
rebecca.hirsch2@cityofchicago.org
chelsey.metcalf@cityofchicago.org
rachel.zemke@cityofchicago.org
john.kauffman@cityofchicago.org

*Attorneys for Plaintiff City of Chicago*

MICHAEL FIRESTONE
Corporation Counsel, City of Boston

By: /s/ *Samuel B. Dinning*
SAMUEL B. DINNING, MA BBO 704304**

9

Chief of Staff & Policy
TERESA K. ANDERSON, MA BBO 669985**
Assistant Corporation Counsel
City of Boston Law Department
One City Hall Square, Room 615
Boston, MA 02201
Telephone: (617) 635-4034
E-Mail: samuel.dinning@boston.gov
teresa.anderson@pd.boston.gov

*Attorneys for Plaintiff City of Boston*


MICHIKO (MIKO) ANDO BROWN
City Attorney, City and County of Denver

By: /s/ *Matthew J. Mulbarger*
Matthew J. Mulbarger (CO Bar No. 51918)**
Denver City Attorney's Office
201 W Colfax Avenue
Denver, CO 80202
Tel: 720-913-8050
matthew.mulbarger@denvergov.org
*Attorney for Plaintiff City and County of Denver*


EBONY M. THOMPSON
Baltimore City Solicitor

By: /s/ *Sara Gross*
Sara Gross (MD 0412140305)**
Chief, Affirmative Litigation Division
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
Telephone: (410) 396-3947
E-Mail: sara.gross@baltimorecity.gov

*Attorneys for Plaintiff Mayor and City Council of Baltimore*


LYNDSEY OLSON
Saint Paul City Attorney

By: /s/ *Kelsey McElveen*
KELSEY MCELVEEN **

Assistant City Attorney
SAINT PAUL CITY ATTORNEY'S OFFICE
400 City Hall and Courthouse
15 Kellogg Boulevard West
Saint Paul, Minnesota 55102
Telephone:      (651) 266-8710
Facsimile:      (651) 298-5619
E-Mail:         Kelsey.McElveen@ci.stpaul.mn.us

*Attorney for Plaintiff City of Saint Paul*

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York

By: */s/ Doris Bernhardt*
Doris Bernhardt (NY Bar No. 4449385)**
Hope Lu (NY Bar No. 5606934)**
100 Church Street
New York, NY 10007
Tel: (212) 356-1000

*Attorneys for Plaintiff City of New York*

KRISTYN ANDERSON
Minneapolis City Attorney

By: */s/ Kristyn Anderson*
Kristyn Anderson, MN Lic. 0267752**
City Attorney
Sara J. Lathrop, MN Lic. 0310232**
Munazza Humayun, MN Lic. 0390788**
Heather P. Robertson, MN Lic. 0390470**
Assistant City Attorneys
350 South Fifth Street
Minneapolis MN 55415
612-299-2716
612-431-1826
612-299-2742
612-431-2468
kristyn.anderson@minneapolismn.gov
sara.lathrop@minneapolismn.gov
munazza.humayun@minneapolismn.gov
heather.robertson@minneapolismn.gov

11

*Attorneys for Plaintiff City of Minneapolis*


By: /s/ *Bradley Cousins*
Bradley Cousins, MN Bar #0400463 **
Assistant Ramsey County Attorney
Stacey D'Andrea, MN Bar #0388320 **
Assistant Ramsey County Attorney
Jada Lewis, MN Bar #0391287 **
Assistant Ramsey County Attorney
Ramsey County Attorney's Office
360 Wabasha St. N., Suite 100
Saint Paul, MN 55102
Telephone: 651-266-3081 (Cousins)
651-266-3051 (D'Andrea)
651-266-3149 (Lewis)
E-mail: Bradley.cousins@co.ramsey.mn.us
Stacey.dandrea@co.ramsey.mn.us
Jada.lewis@co.ramsey.mn.us

*Attorneys for Plaintiff Ramsey County*


ROD WILLIAMS
Acting Corporation Counsel for the City of New Haven

By: /s/ *Michael P. Bowler*
Michael P. Bowler, CT Bar #407379**
City of New Haven
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
475-331-3244
mbowler@newhavenct.gov

*Attorney for Plaintiff City of New Haven*


By: /s/ *Toby Merrill*
Toby Merrill (MA Bar #601071)**
Litigation Director, Public Rights Project
Sai Mohan (CA Bar #350675)**
Erin Monju (DC Bar #90036952)**
490 43rd St., Unit # 115
Oakland, CA 94609
707-297-3837

Toby@publicrightsproject.org
Sai@publicrightsproject.org
Erin@publicrightsproject.org

*Counsel for all Plaintiffs*


MARY F. MORIARTY
Hennepin County Attorney

By: */s/ Brittany K. McCormick*
Rebecca L.S. Holschuh (MN Bar No. 0392251)**
Brittany K. McCormick (MN Bar No. 0395175)**
Assistant County Attorneys
300 South Sixth Street
Minneapolis, MN 55487
(612) 348-4797
Rebecca.Holschuh@hennepin.us
Brittany.McCormick@hennepin.us

*Attorneys for Plaintiff County of Hennepin*


DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (TN Bar No. 9949)*
Director of Law

By: */s/ John K. Whitaker*
John K. Whitaker (TN Bar No. 039207)
    Senior Counsel
Abby Greer (TN Bar No. 041470)**
    Assistant Metropolitan Attorney
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
wally.dietz@nashville.gov
john.whitaker@nashville.gov
abby.greer@nashville.gov

*Attorneys for Plaintiff Metropolitan Government of Nashville and Davidson County*

DONNA R. ZIEGLER
County Counsel, County of Alameda

By: /s/ *Jason M. Allen*
DONNA R. ZIEGLER, CA Bar No. 142415**
County Counsel
K. SCOTT DICKEY, CA Bar No. 184251**
Assistant County Counsel
JASON M. ALLEN, CA Bar No. 284432**
Senior Deputy County Counsel
Office of County Counsel, County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
Telephone:     (510) 272-6700
donna.ziegler@acgov.org
scott.dickey@acgov.org
jason.allen@acgov.org

*Attorneys for Plaintiffs County of Alameda, Alameda County Flood Control and Water Conservation District, and Alameda County Fire Department*

\* Application forthcoming for admission pro hac vice
\*\* Admitted pro hac vice