UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, CITY OF BOSTON, CITY OF NEW YORK, MAYOR AND CITY COUNCIL OF BALTIMORE, CITY AND COUNTY OF DENVER, CITY OF MINNEAPOLIS, CITY OF HEW HAVEN, CITY OF SAINT PAUL, RAMSEY COUNTY, COUNTY OF HENNEPIN, METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, COUNTY OF ALAMEDA, ALAMEDA FLOOD CONTROL AND WATER CONSERVATION DISTRICT, and ALAMEDA COUNTY FIRE DEPARTMENT, | |
| Plaintiffs, | No. 25 CV 12765 |
| v. | Judge Manish S. Shah |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, DEPARTMENT OF HOMELAND SECURITY, FEDERAL EMERGENCY MANAGEMENT AGENCY, and KAREN S. EVANS, in her official capacity as Senior Official Performing the Duties of FEMA Administrator, | |
| Defendants. | |

**ORDER GRANTING SECOND PRELIMINARY INJUNCTION**

The court, having considered the parties' briefs, exhibits, and arguments, grants in part plaintiffs' motion for a preliminary injunction.

The court finds that the movants have standing and they have established a likelihood of success in demonstrating that two provisions—The Anti-Discrimination Condition, Pt. C § XVII(2)(a)(i)–(ii), and the Presidential Executive Order Condition,

Pt. C § XXXI, respectively—of the 2025 DHS Terms and Conditions Version 3 are arbitrary and capricious, in excess of statutory authorization, and contrary to the Constitution, and that therefore, the movants are likely to succeed on their claim to set aside those conditions under the Administrative Procedure Act.[*]

The movants have shown that they would suffer irreparable harm from imposition of the Anti-Discrimination Condition and the Presidential Executive Orders Condition.

The balance of equities and public interest favor the movants because the public interest is not harmed by preliminarily enjoining the Anti-Discrimination Condition and the Presidential Executive Orders Condition. Both conditions are likely unlawful, and enjoining the conditions does not interfere with the government's ability to enforce existing anti-discrimination laws and is consistent with the statutory authority to fund grant programs under the 2025 DHS Terms and Conditions.

Therefore, it is hereby ordered that:

1. Defendants, their officers, agents, employees, attorneys, and all those in active concert or participation with defendants are preliminarily enjoined from attaching, incorporating, imposing, or enforcing, or requiring movants to certify compliance with, the Anti-Discrimination Condition, the Presidential Executive Orders Condition, or any materially similar terms or conditions, with respect to any

---

[*] The movants are plaintiffs City of Chicago, City of Boston, City of New York, Mayor and City Council of Baltimore, City and County of Denver, City of Minneapolis, City of New Haven, City of Saint Paul, and Ramsey County, County of Hennepin, Metropolitan Government of Nashville and Davidson County, County of Alameda, and Alameda County Fire Department.

applications submitted by the movants, and any DHS funds awarded to or received by the movants, whether directly or indirectly, including through new grant applications, applications for continuation funding, notices of funding availability or opportunity, certifications, grant agreements, post-award submissions, or reimbursement requests.

2. Defendants, their officers, agents, employees, attorneys, and all those in active concert or participation with defendants, shall immediately treat any actions taken to implement or enforce the Anti-Discrimination Condition and the Presidential Executive Order Condition, or any materially similar terms or conditions, as to the movants, as null, void, and rescinded; and while this preliminary injunction is in effect, shall treat as null and void any such conditions included in any grant agreement executed by any of the movants; and may not retroactively apply such conditions to grant agreements during the effective period of this preliminary injunction.

3. Defendants' counsel shall provide written notice of this Order to defendants, their officers, agents, employees, and any other persons in active concert or participation with them in the application, awarding, and processing of grants using the DHS Standard Terms and Conditions.

4. Defendants' counsel shall file a status report within ten days of the entry of this Order confirming compliance with this Order.

5. The security posted to secure the first Preliminary Injunction suffices to secure this injunction.

6.  This Order shall remain in effect during the pendency of this litigation or until further order of the court.

Enter:

Date: March 2, 2026

_____
Manish S. Shah
United States District Judge